UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARBI KAMALI,<br><br>          Plaintiff,<br><br>     vs.<br><br>STEVENS, et al.,<br><br>          Defendants. | **1:19-cv-01432-NONE-GSA-PC**<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY AND CONTINUE SCHEDULING ORDER DEADLINES PENDING RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS**<br>**(ECF No. 35.)**<br><br>**ORDER IMPOSING STAY OF DISCOVERY AND CONTINUING SCHEDULING ORDER DEADLINES, TO BE RESET IF NEEDED AFTER RESOLUTION OF MOTION FOR JUDGMENT ON THE PLEADINGS** |

**I.   BACKGROUND**

Plaintiff Arbi Kamali ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This case now proceeds with Plaintiff's claims for retaliation and excessive force against defendant correctional officers Rose Stevens, Ivan Villegas, Jordan Bryan, and Alen Hernandez ("Defendants"). (ECF No. 16.)

On November 29, 2021, the Court issued a Discovery and Scheduling Order establishing deadlines of March 29, 2022 to amend pleadings, April 28, 2022 to complete discovery, and June 28, 2022 to file dispositive motions.  (ECF No. 26.)

On January 21, 2022, Defendants filed a motion to stay discovery and continue the deadlines in the Discovery and Scheduling Order pending resolution of Defendants' motion for judgment on the pleadings.  (ECF No. 35.)

Defendants' motion to stay discovery and continue the deadlines in the Discovery and Scheduling Order is now before the court.  Local Rule 230(*l*).

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants request the court to stay discovery and continue the deadlines in the court's Discovery and Scheduling Order pending resolution of Defendants' motion for judgment on the pleadings based on the favorable termination rule in Heck v. Humphrey, 512 U.S. 477 (1994).  Defendants believe that the motion for judgment on the pleadings could dispose of Plaintiff's entire action without the need for discovery because the motion can be decided without any discovery.

The court finds good cause to impose a stay of discovery in this action for all parties and continue the deadlines in the Discovery and Scheduling Order pending resolution of the motion for judgment on the pleadings, to be reset if needed after the court has ruled on the motion for judgment on the pleadings.  Moreover, the court finds no prejudice to Plaintiff in modifying the scheduling order in this manner.  Therefore, Defendants' motion shall be granted.

**III.     CONCLUSION**

Accordingly, based on the foregoing and good cause appearing, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to stay discovery and continue the deadlines in the scheduling order, filed on January 21, 2022, is granted;
2. All discovery in this action is stayed, pending resolution of Defendants' motion for judgment on the pleadings;
3. The deadlines in the Discovery and Scheduling Order are continued pending resolution of the motion for judgment on the pleadings; and
4. If needed, the court will reset the deadlines following resolution of the pending motion for judgment on the pleadings.

IT IS SO ORDERED.

Dated:   **February 2, 2022**                             **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE