UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ARBI KAMALI,

          Plaintiff,

    vs.

STEVENS, et al.,

          Defendants.

**1:19-cv-01432-JLT-GSA-PC**

**ORDER DENYING PLAINTIFF'S MOTION TO PERMIT A NON-PARTY INMATE TO APPEAR AND ASSIST PLAINTIFF AT PLAINTIFF'S DEPOSITION (ECF No. 32.)**

## I.  BACKGROUND

Plaintiff Arbi Kamali ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's claims for retaliation and excessive force against defendants correctional officers Rose Stevens, Ivan Villegas, Jordan Bryan, and Alen Hernandez ("Defendants").  (ECF No. 16.)

On January 20, 2022, Plaintiff filed a motion for the court to allow Plaintiff's fellow inmate Charles A. Rogers to assist him at Plaintiff's his deposition.  (ECF No. 32.)  On February 10, 2022, Defendants filed an opposition to the motion, (ECF No. 42), and on February 28, 2022, Plaintiff replied to the opposition,  (ECF No. 44).

1

## II.   UNAUTHORIZED PRACTICE OF LAW

The Ninth Circuit has held that "constitutional claims are personal and cannot be asserted vicariously," and that an individual "has no authority to appear as an attorney for others than himself." Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir.1997) (citing United States v. Mitchell, 915 F.2d 521, 526 n. 8 (9th Cir.1990) (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987)).  No person or entity may appear on behalf of a plaintiff unless they are licensed as a lawyer.  See Id.

While cases guarantee prisoners the right to seek assistance and advice on legal matters from other inmates in certain matters, the cases do not permit *representation* during litigation by non-party lay-persons.  Denson v. Gillispie, No. 2:10-CV-00525-MMD, 2013 WL 662967, at *4 (D. Nev. Feb. 21, 2013) (emphasis in original) (citing Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) and Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).  Plaintiff may consult with an inmate assistant before the deposition, may review the deposition transcripts with the inmate assistant, and may have the inmate assistant assist in researching and preparing any dispositive or discovery motion based on the depositions.  See Avery, 93 U.S. 483; Wolff, 418 U.S. at 577–580.  However, to have an inmate assistant represent Plaintiff at depositions is not permissible and would condone the unauthorized practice of law. See Johns, 114 F.3d at 876.  Because Mr. Rogers is not a lawyer authorized to practice in this Court, he may not pursue relief on behalf of anyone else.  Bryant v. Cent. Intel. Agency, No. 220CV01138ODWGJS, 2020 WL 606757, at *3 (C.D. Cal. Feb. 7, 2020) (citing see C.E. Pope Equity Trust, 818 F.2d at 697 (a layperson acting in pro per may not appear or seek relief on behalf of others).

## III.   PLAINTIFF'S MOTION

Plaintiff requests permission to have fellow inmate Charles A. Rogers assist him at the "eventual deposition of Plaintiff."  (ECF No. 32 at 1.)  Plaintiff acknowledges that Defendants have not yet informed him that they intend to take his deposition.  Plaintiff also admits that Mr. Rogers has assisted Plaintiff in drafting and propounding discovery requests upon Defendants, drafting and filing the present motion, "put[ting] together a discovery strategy" for Plaintiff, and

authoring other motions and discovery requests on Plaintiff's behalf.  (Decl. Pltf, ECF No. 32 at 5 ¶¶2,3.)  Plaintiff requests that Mr. Rogers be allowed to sit in during the deposition, but not to testify.  Mr. Rogers would also assist in pointing to any improper questions, if and when Plaintiff is to object, and placing the appropriate documents in front of Plaintiff so he can accurately respond to deposition questions.  Mr. Rogers would also inform Plaintiff of the reasons he should object to a question during the deposition.  (Decl. Rogers, ECF No. 32 at 8 ¶ 5.)

Defendants first oppose Plaintiff's motion because it is premature, as discovery in this case is stayed, Defendants have not noticed Plaintiff's deposition and Defendants' dispositive motion is pending which may dispose of the case.  Second, Defendants argue that Plaintiff's request is an improper request for non-attorney representation and, based on Plaintiff's and Charles A. Rogers' statements, Mr. Rogers has already egregiously flaunted the laws of California by engaging in the unauthorized practice of law.  In addition, Defendants state that it is standard practice in the industry that during a deposition all non-party persons are excluded from the room, aside from the court reporter.

In reply, Plaintiff asserts that Mr. Rogers never asked the court to allow him to represent Plaintiff, and Plaintiff never requested that Mr. Rogers be allowed to accompany Plaintiff inside the courtroom.

## IV.    DISCUSSION

The court finds that Plaintiff has not demonstrated that circumstances in this action warrant permitting an inmate to assist Plaintiff during his deposition.  An individual engages in the unauthorized practice of law when he engages in activities customarily performed by licensed attorneys, Warren v. Nevada Dep't of Corr., No. 317CV00228MMDCSD, 2022 WL 1241821, at *1 (D. Nev. Apr. 27, 2022) (citing In re Discipline of Lerner, 197 P.3d 1067, 1071 (Nev. 2008), such as representing clients and giving legal advice.   Here, while Plaintiff may not have asked the court to allow Mr. Rogers to *represent* him at a deposition, Plaintiff requests the court to allow Mr. Rogers to assist in pointing out improper questions that Plaintiff should object to, placing appropriate documents in front of Plaintiff so he can accurately respond to the deposition questions, and informing Plaintiff of the reasons he should object to a question during the

deposition, does exactly that.  The court finds that this type of assistance to Plaintiff during a deposition constitutes legal advice and therefore the unauthorized practice of law.  Accordingly, Plaintiff's motion must be denied.

**V.     CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for the court to allow a fellow inmate to assist him at his deposition is denied.

IT IS SO ORDERED.

Dated:   **May 23, 2022**                          **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE

4