UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARBI KAMALI,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STEVENS, et al.,<br><br>　　　　　Defendants. | **1:19-cv-01432-JLT-GSA-PC**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILE SURREPLY**<br>**(ECF No. 45.)** |

## I.　BACKGROUND

Plaintiff Arbi Kamali ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's claims for retaliation and excessive force against defendants correctional officers Rose Stevens, Ivan Villegas, Jordan Bryan, and Alen Hernandez ("Defendants").  (ECF No. 16.)

On March 2, 2022, Plaintiff filed a request for leave to respond to a new issue that Defendants raised in their reply to Plaintiff's opposition to Defendants' motion for judgment on the pleadings.  (ECF No. 45.)  On March 23, 2022, Defendants filed an opposition to the motion.  (ECF No. 46.)  Plaintiff has not filed a reply to the opposition, and the time in which to do so has expired.

**II.   MOTION FOR LEAVE TO FILE SURREPLY**

A surreply, or sur-reply, is an additional reply to a motion filed after the motion has already been fully briefed. USLegal.com, http://definitions.uslegal.com/s/sur-reply/ (last visited June 9, 2022). The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*).

The court generally views motions for leave to file a surreply with disfavor. Garcia v. Biter, 195 F. Supp. 3d 1131, 1133–34 (E.D. Cal. 2016) (citing Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes–Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. Id. (citing see U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond). A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill, 2005 WL 3031136 at *1.

In this Circuit, courts are required to afford *pro se* litigants additional leniency. E.g., Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). This leniency, however, does *not* extend to permitting surreplies as a matter of course and the court is not generally inclined to permit surreplies absent an articulation of good cause why such leave should be granted. Garcia, 195 F.Supp.3d at 1134.

///

Plaintiff seeks leave to file a reply in response to Defendants' reply to Plaintiff's opposition to the motion for judgment on the pleadings. Plaintiff claims that Defendants did not state, prior to their reply, that Plaintiff's guilty finding for his serious rules violation report is the basis for Defendants' motion for judgment on the pleadings. Plaintiff argues that he should be allowed to rebut this statement by Defendants in the interest of justice.

In opposition, Defendants argue that Plaintiff's request stems from his misreading of Defendants' motion for judgment on the pleadings. Defendants assert that they clearly stated on the first page of the motion for judgment on the pleadings that the grounds for the motion arise from the disciplinary report that Plaintiff received for battering and injuring several correctional officers, including Defendants Stevens and Villegas, and therefore Plaintiff's claims are subject to the Heck favorable termination rule.

Defendants further argue that Plaintiff is incorrect in arguing that Defendants raised an additional argument in their reply that was not initially raised in their moving papers. Defendants provide evidence of text from their motion that they argue made it abundantly clear that the rules violation report was at issue:

> But Kamali's claims against Defendants are barred by the Heck favorable-termination rule. Kamali received a disciplinary violation (rules violation report) for battering and injuring several correctional officers, including Defendants Stevens and Villegas, during the incident. Kamali, who is serving a determinate sentence, lost 360 days of behavioral credits as a result of the guilty finding. Under Heck, an inmate cannot bring a § 1983 action if a judgment in the inmate's favor would necessarily imply the invalidity of a criminal conviction, which includes a rules violation report. Kamali's allegations regarding the January 2018 incident are fundamentally inconsistent with the findings at the disciplinary hearing. Consequently, Kamali's claims are barred and his complaint should be dismissed. On these bases, Defendants' motion for judgment on the pleadings should be granted.

(Defs.' Mot. J. Pl. 1:19-2:2, ECF No. 37.)

Defendants assert that they discussed the inmate discipline procedures relating to rules violations in Section III of their motion beginning on page 3:13.  In addition, Defendants assert that they discussed Plaintiff's rules violation report and forfeiture of behavioral credits in detail and referred the court to their exhibit, which was a copy of Plaintiff's rules violation report. Defendants assert that they established in their motion that a judgment in Plaintiff's favor on his § 1983 claims would imply the invalidity of his rules violation.

Defendants point out that Plaintiff did not address the rules violation report in his opposition for reasons unknown to Defendants.  Defendants show that in their reply, they again discussed the rules violation report as the basis of their motion.

> As a result of the January 2018 incident, Kamali received a disciplinary violation (rules violation report) for battering and injuring several correctional officers, including Defendants Stevens and Villegas during the incident, resulting in 360 days lost behavioral credits. Kamali's claims in this action arise out of the same facts that resulted in his loss of credit, and therefore, are fundamentally inconsistent with Plaintiff's unlawful behavior that resulted in lost credit. Consequently, Kamali's claims against Defendants are barred by the Heck favorable termination rule.

(Defs.' Reply Supp. Mot. J. Pl. 1:23-2:1, 2:6-22, ECF No. 43.)

### III. DISCUSSION

Plaintiff's motion provides no basis for allowing a surreply as nothing in Defendants' reply raised new arguments or evidence as alleged by Plaintiff.  Defendants filed their motion for judgment on the pleadings on January 24, 2022; Plaintiff filed his opposition on February 10, 2022; and Defendants filed their reply on February 16, 2022.   Upon the filing of Defendants' reply their motion was fully briefed and before the court.  Local Rule 230(*l*).

As discussed above, a district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill, 2005 WL 3031136 at *1.  Here, Plaintiff refers the Court to an issue in Defendants' reply that Plaintiff claims is new – his rules violation report as the reason for their

motion -- but Defendants' evidence shows that they extensively raised this issue in their motion. Defendants also show that they also clarified in their reply that Plaintiff's rules violation report was the reason for their motion, which did not raise new arguments or issues requiring additional briefing by Plaintiff. Since Defendants' reply did not raise any new arguments or issues requiring further briefing by Plaintiff, the court finds no valid reason for additional briefing by Plaintiff, and therefore Plaintiff's motion for leave to file a surreply shall be denied.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for leave to file a surreply, filed on March 2, 2022, is DENIED.

IT IS SO ORDERED.

Dated:   **June 11, 2022**                   **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE