UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARBI KAMALI,<br><br>       Plaintiff,<br><br>  vs.<br><br>STEVENS, et al.,<br><br>       Defendants. | **1:19-cv-01432-JLT-GSA-PC**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br>**(ECF No. 27.)** |

## I.     BACKGROUND

Arbi Kamali ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 filed on December 2, 2019.  (ECF No. 1.) This case now proceeds with Plaintiff's First Amended Complaint filed on February 27, 2021, on Plaintiff's claims for retaliation and excessive force against Correctional Officers Rose Stevens, Ivan Villegas, Jordan Bryan, and Alen Hernandez ("Defendants"). (ECF No. 13.)

1

On December 15, 2021, Plaintiff filed a motion for an order directing Defendants to make available their personnel files and other materials.  (ECF No. 27.)   On January 1, 2022, Defendants filed an opposition to the motion.  (ECF No. 28.)  On January 20, 2022, Plaintiff filed a reply to the opposition.  (ECF No. 33.)

The Court construes Plaintiff's motion as a motion to compel, which is now before the court.  Local Rule 230(*l*).

## II.   PLAINTIFF'S ALLEGATIONS AND CLAIMS AT ISSUE

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility and State Prison.  The events at issue in the First Amended Complaint (FAC) allegedly occurred at Kern Valley State Prison (KVSP) when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR).

In short, the First Amended Complaint alleges that on January 21, 2018, Defendants Rose Stevens, Ivan Villegas, Jordan Bryan, and Alen Hernandez attacked Plaintiff using excessive force against him, and retaliated against him by warning him that he would be subject to bodily harm if he told the truth about his injuries from Defendants beating him up.

## III.   MOTION TO COMPEL

### A.   <u>Legal Standard</u>

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1). "Relevance for purposes of discovery is defined very broadly." <u>Garneau v. City of Seattle</u>, 147 F.3d 802, 812 (9th Cir. 1998).  In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

Under Rule 37(a), a party may move for an order compelling disclosure or discovery if "a party fails to produce documents. . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). The party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, "[t]he party opposing discovery then has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07-CV-200 JM, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). The party resisting discovery is "required to carry a heavy burden of showing" why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113779, at *1.

## B.   Plaintiff's Motion

Plaintiff requests the Court to compel Defendants to produce their personnel files, including records of any internal investigation of the use of force in this case. Plaintiff also seeks statements given by eyewitnesses and participants. Plaintiff uses the term "personnel file" to include all records maintained by the employer on the correctional officer, such as records of internal affairs investigations, citizen complaints, records in the Human Resources Department, and records containing psychological or other medical information concerning the correctional

officers.  Plaintiff seeks records of complaints which may have been lodged against Defendants, including privileged official information pursuant to Penal Code § 832.5 and Evidence Code § 1045, including 1) false reports, 2) lying and untruthfulness, 3) false testimony, 4) fabrication, planting, suppression, and concealment of evidence, and 5) willful disregard of constitutional restrictions of law enforcement.  Plaintiff believes that he is not the first person subject to excessive force by Defendants, and such information would be used by Plaintiff to locate witnesses and to show that Defendants have a propensity for bias, harassment, prejudice, dishonesty, and fabrication of evidence.  Plaintiff asserts that the credibility of Defendants will be at issue at trial.

### C.    **Defendants' Opposition**

Defendants argue that Plaintiff's motion should be denied as a premature motion to compel because Defendants' deadline to respond to Plaintiff's written discovery requests have not yet expired.  Defendants provide evidence that Plaintiff served a request for production of documents on December 5, 2021, and only six days later, on December 11, 2021, Plaintiff served the present motion.  (Johnson Decl. ¶¶ 2-3, Exh. A, ECF No. 28-1 at 1-2.)  Defendants assert that the Court's Discovery and Scheduling Order (ECF No. 26) confirms that responses to document production requests are due 30 days after service, and therefore Defendants' responses were not due until January 7, 2022 (adding three days for service by mail). (Id. ¶ 4.)

### D.    **Discussion**

Plaintiff responds to Defendants' opposition arguing that there are no time limits on when Plaintiff can request discoverable evidence, and there are no statutes that preclude Plaintiff from filing the motion at issue.  Plaintiff states that the discovery request he served upon Defendants does not ask for anything from their personnel files, that at the present he only seeks nonconfidential information, and that the Court has the inherent power to order Defendants to provide the court with their personnel files for *in camera* review so the Court can determine what Plaintiff will be provided.

Pursuant to Rule 37(a), when an opposing party has failed to respond or has provided evasive or incomplete responses, the propounding discovery may seek an order compelling

1   disclosure.  Fed. R. Civ. P. 37(a)(3)(B).  The moving party bears the burden of demonstrating
2   "actual and substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d
3   732, 751 (9th Cir. 2002) (citations omitted).  Generally, if the responding party objects to a
4   discovery request, the party moving to compel bears the burden of demonstrating why the
5   objections are not justified.  E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL
6   113799, at *1 (E.D.Cal. Jan. 13, 2012); Womack v. Virga, No.CIV S-11-1030 MCE EFB P, 2011
7   WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal.
8   Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4
9   (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the court which discovery
10  requests are the subject of the motion to compel, and, for each disputed response, why the
11  information sought is relevant and why the responding party's objections are not meritorious.  Id.

12      In this case, Plaintiff has not shown that any of the Defendants failed to produce
13  documents as requested in a *prior* discovery request to Defendants.  Plaintiff's argument that
14  there are no time limits on when he can request the Court to compel Defendants to provide
15  documents is without merit.  Before Plaintiff brings a motion requesting the Court to intervene
16  in the discovery process by compelling Defendants to respond, Plaintiff must *first* serve the
17  discovery request on Defendants and wait for a response.  Only then may Plaintiff bring a motion
18  to compel further responses to the discovery request.

19      The Court agrees with Defendants that Plaintiff's motion is a premature motion to compel
20  production of documents.  Plaintiff is advised that any future motion to compel must individually
21  analyze each discovery request and response and set forth arguments to explain how Defendants'
22  objections to each request are improper.  Plaintiff's motion to compel must notify Defendants
23  how each response is deficient.  Specifically, the motion to compel must: 1) set forth each
24  disputed request exactly as Plaintiff phrased it in his original request, 2) set forth Defendants'
25  response exactly as Defendants phrased it in their original response, and 3) address each objection
26  made by Defendants and explain how each objection is improper.

27      Based on the foregoing, Plaintiff's motion shall be denied as premature.
28  ///

5

**IV.    CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel, filed on December 15, 2021,  is denied as premature.

IT IS SO ORDERED.

Dated:    **October 14, 2022**                          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE