UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARBI KAMALI, | Case No. 1:19-cv-01432-JLT-HBK (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR MISCELLANEOUS RELIEF |
| v. | (Doc. No. 70) |
| ROSE STEVENS, IVAN VILLEGAS, JORDAN BRYAN, and ALEN HERNANDEZ, | |
| Defendants. | |

On July 3, 2025, this case was reassigned to the undersigned. (Doc. No. 69). The Court has reviewed the docket and pleadings.

Plaintiff initially proceeded in this action on his Eighth Amendment excessive use of force and First Amendment retaliation claims against Correctional Officers Rose Stevens, Ivan Villegas, Jordan Bryan, and Alen Hernandez stemming from events that occurred on January 21, 2018. (Doc. Nos. 15, 16). On January 24, 2022, Defendants filed a motion for judgment on the pleadings, arguing that Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because Plaintiff was found guilty of "Battery Causing Serious Injury" in a prison disciplinary hearing based on the same January 21, 2018 incident and lost 360 days of behavioral credits. (Doc. No. 37; Doc. No. 37-1). On August 9, 2022, the previously assigned magistrate recommended denial of the motion, applying the "break" theory from *Hooper v. County of San*

1  *Diego*, 629 F.3d 1127 (9th Cir. 2011) and finding that Plaintiff's allegations supported a temporal
2  separation between his initial resistance and the subsequent alleged excessive force after he
3  regained consciousness.  (Doc. No. 49 at 12-13). On September 30, 2022, the District Court
4  adopted the magistrate's recommendations in part and granted in part and denied in part
5  Defendants' motion for judgment on the pleadings after conducting de novo review.  (Doc. No.
6  52).  Applying *Lemos v. County of Sonoma*, 40 F.4th 1002 (9th Cir. 2022), the District Court
7  granted Defendants' motion "as to claims premised upon the initial altercation," and that
8  "Plaintiffs claims may proceed only as to the 'post-break' conduct" because any claim based
9  upon Defendants' alleged acts or misconduct against Defendants Villegas and Solis[1] prior to
10 Plaintiff regaining consciousness in handcuffs "are barred by *Heck*." (Doc. No. 52 at 7-8).  Thus,
11 this case now proceeds on Plaintiff's First Amendment retaliation claims and Eighth Amendment
12 excessive force clams against Defendant Jordan Bryan, Alen Hernandez and R. Stevens based
13 solely on alleged "post-break" conduct occurring after Plaintiff regained consciousness while
14 restrained.

15       On April 17, 2023, Defendants filed a Motion for Summary Judgment.  (Doc. No. 58,
16 "MSJ").  In response, on May 8, 2023, Plaintiff filed a Response to Defendants' Statement of
17 Undisputed Facts.  On May 22, 2023, Defendants filed a Reply.  (Doc. No. 61).  Defendants' MSJ
18 is ripe and deemed submitted on the record before the court.  Local Rule 230(l).

19       On May 6, 2025, prior to transfer of this action to the undesigned, the previous magistrate
20 judge directed the parties to advise the court of their interest in participating in a settlement
21 conference.  (Doc. No. 65).  On May 12, 2025, Defendants opted out of a settlement conference.
22 (Doc. No. 66).  Plaintiff expressed an interest in participating in a settlement conference.  (Doc.
23 Nos. 67, 68).

24       On July 16, 2025, Plaintiff filed a pleading requesting a date for a settlement conference.
25 (Doc. No. 70).  A settlement conferences is voluntary and can only be fruitful when both sides are

---

[1] Notably, Solis was not named as a Defendant. Instead, Plaintiff's initial altercation named Villegas and Stevens as Defendants.  And it was Defendant Stevens, not Villegas who sustained a broken wrist in the initial altercation. (*See* Doc. No. 52 at 5:16-23, 6:18-21).

open to settlement discussions.  The purpose of Rule 16(c)(1) of the Federal Rules of Civil Procedure, which authorizes settlement conferences is not "to impose settlement negotiations on unwilling litigants." Fed. R. Civ. P. 16, Advisory Committee's Notes.  Because Defendants opted out a settlement conference, the Court will not set a settlement conference in this case at this time.  Instead, the undersigned has taken Defendants' MSJ under submission and will issue Findings and Recommendations regarding the same in due course.

ACCORDINGLY, it is hereby ORDERED:

Plaintiff's Motion to Miscellaneous Relief (Doc. No. 70) is DENIED.

Dated:   September 11, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3