UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARBI KAMALI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROSE STEVENS, IVAN VILLEGAS, JORDAN BRYAN, and ALEN HERNANDEZ,<br><br>　　　　Defendants. | Case No. 1:19-cv-01432-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S EX-PARTE CONSOLIDATED MOTION<br><br>(Doc. No. 72)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR COPY AND DIRECTING CLERK TO PROVIDE COURTESY COPIES<br><br>(Doc. No. 73) |

　　　　On October 10, 2025, Plaintiff filed an "Ex-Parte Consolidated Motion and Objections to Order." (Doc. No. 72).  December 15, 2025,  Plaintiff filed a "Motion Requesting Scheduling Order." As more fully set forth below, the Court denies Plaintiff's first-filed motion but grants Plaintiff's second-filed motion.

　　　　In his first filed motion, Plaintiff objects to the undersigned's September 11, 2025 Order (Doc. No. 71), which denied Plaintiff's previous motion for a settlement conference, noting Defendants' decision to opt out of a settlement conference pending the Court's consideration of Defendants' motion for summary judgment.  (Doc. No. 72).  Plaintiff argues that summary judgment has already been ruled upon and thus he renews his  request for a  "Mandatory settlement conference" pursuant to Federal Rule of Civil Procedure 23(a)(1).  (Doc. No. 72 at 1-

3).  To the extent Plaintiff requests the district judge reconsider the undersigned's September 11, 2025 Order (Doc. No. 71), Plaintiff must file a request in accordance with this Court's Local Rules.  Specifically, the filing must be captioned "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."  *See* Local Rule 303(c) (E.D. Cal. 2025).  The request must state the specific ruling Plaintiff wishes to be reconsidered, the part of the ruling to which he objects, and the basis for such objection.  *Id*.  Additionally, pursuant to Federal Rule of Civil Procedure 72, a party generally has fourteen (14) days after being served with a magistrate judge's order on a nondispositive matter under Rule 72(a) to file objections.  Fed. R. Civ. P. 72(a).  Failure to object within this timeframe typically waives the right to appeal that specific ruling.

Further, to the extent Plaintiff contends that summary judgment was already ruled upon, he is mistaken.  Defendants' prior motion was for a judgment on the pleadings regarding whether Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  (Doc. Nos. 37, 52). After the district judge ruled on that motion, the previously assigned magistrate judge modified the scheduling order on March 22, 2023.  (Doc. No. 53).  This order included a deadline for dispositive motions, which includes motions for summary judgment.  Therefore, the Court may properly rule on Defendants' pending motion for summary judgment.

Regarding Plaintiff's renewed request for a settlement conference, as stated in the Court's September 11, 2025 Order, a settlement conferences is voluntary and can only be fruitful when both sides are open to settlement discussions.  (Doc. No. 71 at 2-3).  The Court is unable to identify any Federal of Civil Procedure that mandates settlement conferences.  To the extent Plaintiff reads Federal Rule of Civil Procedure 23 as mandating a settlement conference, he is incorrect.  Rule 23 concerns procedures for bringing a class action, and this case is not a class action.  *See* Fed. R. Civ. P. 23.  Furthermore, Federal Rule of Civil Procedure 16(c)(1), which authorizes settlement conferences, is not intended "to impose settlement negotiations on unwilling litigants."  Fed. R. Civ. P. 16, Advisory Committee's Notes.  Because Defendants have opted out of a settlement conference, the Court will not set a settlement conference in this case at this time.

////

2

In his second filed motion, Plaintiff requests a copy of the scheduling order in this case. (Doc. No. 73). Plaintiff's request for a copy of any pleading should be directed to the clerk's office, not to the court via a motion. Plaintiff is reminded that "proceeding *in forma pauperis* does not entitle a party to the waiver of anything other than court filing fees." *Martin v. McNut*, 2011 WL 4543039, at *1 (E.D. Cal. Sept. 28, 2011). Nor does plaintiff's pro se or prisoner status entitle him to receive complimentary copies. *Blair v. CDCR*, 2018 WL 1959532, at *6 f. 2 (E.D. Cal. Apr. 25, 2018). Consistent with statute, the clerk provides copies of documents and the docket sheet at $0.50 per page. *See* 28 U.S.C. § 1914. Checks in the exact amount are payable to "Clerk, USDC."

As a one-time courtesy the Court will direct the clerk to provide Plaintiff with a copy of the discovery and scheduling order issued on November 29, 2021 and the March 22, 2023 order modifying the scheduling order. (Doc. Nos. 26, 57). To the extent Plaintiff wishes to obtain a copy of any other further orders or pleadings, he is required to forward a check in the appropriate amount to the clerk with his request for the same.

Accordingly, it is hereby ORDERED:

1. Plaintiff's Ex-Parte Motion (Doc. No. 72) is DENIED.
2. Plaintiff's Motion Requesting Scheduling Order (Doc. No. 73) is GRANTED to the extent set forth herein.
3. The Clerk of Court is directed to provide Plaintiff with a one-time courtesy copy of the November 29, 2021 scheduling order (Doc. No. 26) and March 22, 2023 order modifying the scheduling order (Doc. No 57).
4. Should Plaintiff desire copies of any further orders or pleadings he must direct his request directly to the Clerk of Court and pay the appropriate fee.

Dated:   January 7, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE