UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARBI KAMALI,

        Plaintiff,

   v.

ROSE STEVENS, et al.,

        Defendants.

Case No. 1:19-cv-01432-JLT-HBK (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DIRECTING CLERK OF COURT TO CLOSE THE CASE

(Doc. 75)

Arbi Kamali, a state inmate, is proceeding pro se and *in forma pauperis* with claims under 42 U.S.C. § 1983 in this action. (Docs. 7, 13.) The Court referred the to a United States magistrate judge pursuant under 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The defendants (several correctional officers) move for summary judgment, and the magistrate judge prepared Findings and Recommendations. The magistrate judge recommends denying the motion in part with respect to defendants Bryan's and Hernandez's argument that Kamali did not exhaust his excessive force claim against them. (*See* Doc. 75 at 1.) The magistrate judge otherwise recommends granting the motion. (*See id.*) The Court served the Findings and Recommendations on Kamali, and he filed objections by the response deadline. (Doc. 76.) The Court has reviewed the matter de novo.

The magistrate judge correctly determined that Kamali's inmate grievance gave adequate notice of his excessive force claims against defendants Bryan and Hernandez and thus exhausted

those claims under the Prison Litigation Reform Act. (Doc. 75 at 18–19.) His grievance "put prison officials on notice of the nature of the wrong alleged in his federal suit." *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016). The Court disagrees, however, with the magistrate judge's conclusion that Kamali did not put prison officials on notice of a retaliation against the same officers. It would be reasonable to interpret his grievance as explaining that he lied about his injuries in the hospital because the officers had threatened to attack him again. (*See* Doc. 58-5 at 13, 15.) He is entitled to the benefit of that reasonable inference at summary judgment.

The magistrate judge correctly limited Kamali's claims to those arising from the defendants' alleged "post-break" conduct, i.e., after he "regained consciousness while restrained." (Doc. 75 at 3.) It is undisputed that after Kamali was restrained in handcuffs, "there was no further use of force from the officers" and he "was taken to the . . . medical clinic," as the magistrate judge found. (*See* Docs. 58-1 at 6; 60 at 2–3; 75 at 22.) It is unclear whether some of the documents attached to Kamali's response contradict that undisputed fact, but Kamali has not explained how those documents or their contents could be authenticated and admitted at trial in any event, and the Court cannot undertake that analysis without speculating. (*See* Doc. 60 at 20, 35–36); *see also* Fed. R. Evid. 602, 901; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

Finally, the magistrate judge correctly determined that Kamali has not cited evidence that could show (1) that the officers retaliated against him for a constitutionally protected activity or (2) that the officers' actions advanced no legitimate penological goal. (*See* 58-1 at 9–10; 60 at 6; Docs. 75 at 25–26.) Thus, the Court **ORDERS**:

1. The Findings and Recommendations, filed on March 30, 2026 (Doc. 75), are **ADOPTED IN PART** as specified above;

2. Defendants' motion for summary judgment (Doc. 58) is **GRANTED**; and

///

///

///

///

2

3.  The Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED.

Dated:     July 6, 2026

UNITED STATES DISTRICT JUDGE